IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA  )
                          )   CRIMINAL ACTION NO.
     v.                   )      3:15cr312-MHT
                          )          (WO)
MICHAEL T. CLEMENTS       )
```

OPINION AND ORDER

This cause is before the court on the government's motion to continue. At a hearing on the motion on August 3, 2015, defendant Michael T. Clements joined in the motion. For the reasons set forth below, the court finds that jury selection and trial, now set for August 31, 2015, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any period of delay "resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," § 3161(h)(1)(A), and it also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government ... reasonable time necessary for effective

preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Clements in a speedy trial. The government and Clements need additional time to prepare for trial. The current trial setting allows only 41 days of trial preparation--not a long time. Given these circumstances, a continuance in this matter is necessary to prevent a miscarriage of justice. See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991) (reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

* * *

Accordingly, it is ORDERED as follows:

(1) The government's motion for continuance (doc. no. 14), joined in by defendant Michael T. Clements, is granted.

(2) The jury selection and trial, now set for August 31, 2015, are reset for January 4, 2016, at 10:00 a.m., at the Federal Courthouse in Opelika, Alabama, 500 South 7th Street, Opelika, Alabama.

DONE, this the 5th day of August, 2015.

_ /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE